# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 19-1438V
### Filed: January 21, 2025

| | |
|---|---|
| DEBRA HEATH,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Special Master Horner |

*Scott William Rooney*, Nemes, Rooney, P.C., Farmington Hills, MI, for petitioner.
*Debra A. Filteau Begley*, U.S. Department of Justice, Washington, DC, for respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS**[1]

      On September 19, 2019, the petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act").[2] (ECF No. 1.) Petitioner alleged that she suffered sudden sensorineural hearing loss ("SSNHL") as a result of her September 20, 2016 influenza ("flu") vaccination. (*Id.*) On May 7, 2024, the undersigned issued a decision finding petitioner was not entitled to compensation. (ECF No. 85.)

      On June 26, 2024, petitioner filed a final motion for attorneys' fees and costs.[3] (ECF No. 91.) Petitioner's counsel requested a total of $77,365.57 for attorneys' fees

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

[3] Petitioner initially filed a motion for an award of interim attorneys' fees and costs on October 20, 2023. (ECF No. 82.) However, because the case closed before that motion was resolved, petitioner later filed a motion for final fees and costs. (ECF No. 91.) The motion for final fees and costs incorporates the fees and costs previously requested. Accordingly, the interim fee motion at ECF No. 82 is deemed MOOT and

and costs, including $35,720.00 for attorneys' fees and $41,645.57 for costs.  (ECF No. 94, pp. 2-4.)  Of those costs, $542.17 are costs born personally by petitioner.  (*Id.* at 3.)  Petitioner's expert, neuro-otolaryngologist Hamid R. Djalilian, M.D., billed a total of $40,645.00, representing 73.9 hours of work billed at $550 per hour.[4]  (*Id.* at 21-23.)

Respondent filed his response to petitioner's motion on July 10, 2024.  (ECF No. 92.)  Respondent argued that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs."  (*Id.* at 2.)  Respondent added, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  (*Id.*)  Respondent requested that the court exercise its discretion and determine a reasonable award for attorneys' fees and costs.  (*Id.* at 4.)  However, respondent suggested that petitioner is seeking higher than typical expert rates and requested the rates be scrutinized in a case-specific determination.  (*Id.* at 3-4.)

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 300aa-15(e)(1).  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008).  It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  However, "[t]he failure of respondent to identify with particularity any objection to a request for attorney's fees and costs may be taken into consideration by the special master in the decision."  Vaccine Rule 13(a)(3).  Special masters need not engage in a line-by-line analysis of petitioners' fee application.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).  Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 486 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  *Saxton*, 3 F.3d at 1521.

---

this decision GRANTS the motion for final fees at ECF No. 91. The documentation supporting petitioner's request was filed as an attachment to a sur-reply filed on July 25, 2024.  (ECF No. 94.)

[4] Dr. Djalilian billed petitioner $40,645 for 73.9 hours of work at a rate of $550 per hour.  (ECF No. 94, pp. 21-23.)  However, the invoice of Dr. Djalilians costs included in petitioner's sur-reply (marked as Exhibit 2) incorrectly states that the total number of hours billed equals 72.4 hours.  (*Id.* at 23.)  A review of the complete invoice confirms that Dr. Djalilian performed 73.9 hours of work for petitioner's case, not 72.4.  (*Id.* at 21-23.)

The undersigned has reviewed the billing records accompanying petitioner's motion.  (ECF No. 94, pp. 6-35.)  Based on that review, the overall amount requested for attorneys' fees is reasonable.  However, review of the billing records shows that Mr. Rooney billed $300 per hour for work performed in 2017, 2018, and 2019; $350 per hour for work performed in 2020; $400 per hour for work performed in 2021 and 2022; and $500 per hour for work performed in 2023 and 2024.  (*Id.* at 6-18.)  These rates do not track the rates that have been found reasonable in prior adjudications, with earlier years being undercharged and later years being overcharged relative to precedent.  *See Jaye v. Sec'y of Health & Human Servs.*, No. 20-672V, 2024 WL 5118499, at *3 (Fed. Cl. Spec. Mstr. Nov. 15, 2024).  Nonetheless, because these rate variances have both under and overcharged, any year-by-year recalculation is likely to end up netting out to something likely to approach a wash, leaving such a recalculation a poor use of judicial resources given that the overall amount sought for fees is in any event reasonable in light of the work performed in the case.  As respondent stressed in his response, "trial courts need not, and indeed should not, become green-eyeshade accountants.  The essential goal in shifting fees (to either party) is to do rough justice, not achieve auditing perfection."  (ECF No. 92, p. 3 (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011).)  Though special masters have awarded fees to Mr. Rooney based on different rates, the special master in *Jaye* explained that the rates requested by counsel are broadly consistent with the OSM fee schedule.  2024 WL 5118499, at *3.  Moreover, respondent did not object with particularity to either counsel's hourly rate or the total amount sought for attorneys' fees.  Vaccine Rule 13(a)(3).  However, petitioner's counsel is cautioned that the undersigned has not concluded that $500 per hour is a reasonable rate for counsel for any year.  Submitting billing records reflecting hourly rates inconsistent with what has previously been found to be reasonable is likely to lead to delay in resolution of this counsel's fee requests.  In future cases, the undersigned will likely direct petitioner's counsel to submit revised billing records incorporating calculations based on counsel's previously adjudicated rates.

Expert work in this program is also assessed using the lodestar method.  *Avera*, 515 F.3d at 1347 (applying the lodestar approach to the Vaccine Act); *Chevalier v. Sec'y of Health & Human Servs.*, No. 15-001V, 2017 WL 490426, at *2-3 (Fed. Cl. Spec. Mstr. Jan. 11, 2017) (citing *Avera* and applying the lodestar calculation to both attorneys' fees and expert costs).  Generally, expert hourly rates are based on a number of factors, many of which touch broadly on qualifications and on the market for the relevant expert services, but which also include "the nature, quality, and complexity of the information provided" by the expert, as well as "any other factor likely to be of assistance to the court in balancing the interests" at stake.  *Aycock v. Sec'y of Health & Human Servs.*, No. 19-235V, 2023 WL 8869423, at *7 (Fed. Cl. Spec. Mstr. Nov. 8, 2023) (citing *McClain v. Owens-Corning Fiberglass Corp.*, No. 89 C 6226, 1996 WL 650524, at *3 (N.D. Ill. Nov. 7, 1996)); *see also Wilcox v. Sec'y of Health & Human Servs.*, No. 90-991V, 1997 WL 101572, at *4 (Fed. Cl. Spec. Mstr. Feb. 14, 1997).

Dr. Djalilian's hourly rate has previously been adjudicated by other special masters. *Lewis v. Sec'y of Health & Human Servs.*, No. 15-907V, 2020 WL 6071671, at *6 (Fed. Cl. Spec. Mstr. Sept. 11, 2020) (finding $450 per hour to be a reasonable rate in light of criticism of the work performed in the case); *Jinkerson v. Sec'y of Health & Human Servs.*, No. 18-1355V, 2024 WL 3760329, at *4 n.3 (Fed. Cl. Spec. Mstr. July 11, 2024) (accepting the requested rate of $550 per hour based on medical specialty, education, and background.) Although this petitioner did not prevail after offering a theory seemingly similar to that offered in *Lewis*, I am not confident that Dr. Djalilian's substantive performance in the instant case warrants the same degree of criticism as in *Lewis*. In particular, although I issued a Rule 5 Order critical of Dr. Djalilian's opinion, he provided a supplemental report directly responding to the points raised. (ECF No. 85, pp. 11-12; *Heath v. Sec'y of Health & Human Servs.*, No. 19-1438V, 2024 WL 2830821, at *8-9 (Fed. Cl. Spec. Mstr. May 7, 2024). Accordingly, I am more inclined to agree with the special master in *Jinkerson* that the requested rate is not unreasonable. I am, however, concerned that the 73.9 hours Dr. Djalilian devoted to this case was unreasonably high in light of the limited scope of the medical history that was subject to dispute, the degree of complexity of expert opinion in the case overall, the lack of robust clinical support for petitioner's theory, and the fact that Dr. Djalilian has presented a similar theory in a prior case, namely *Lewis*. 2020 WL 6071671, at *1-2. In particular, Dr. Djalilian spent 32.7 hours in preparation of his first (8 page) report despite being broadly familiar with the subject matter on which he was opining. (ECF No. 94, p. 21.) His second report, which was of comparable complexity and required research and medical record review, was completed in 25 hours. (*Id.* at 22.) I find that a 25% reduction to expert fees for the hours Dr. Djalilian dedicated to initial report is appropriate. This results in a reduction of $4,496.25. The remainder of the costs requested are reasonable and sufficiently documented.

**Accordingly, petitioner is awarded attorneys' fees and costs in the total amount of $72,869.32, (representing $72,327.15 for counsel's fees and costs and $542.17 for petitioner's personal costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

                 **s/Daniel Horner**
                 Daniel Horner
                 Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.